No. 17,724.

LEON GINSBERG *v.* PAUL J. FRANKENBERG.
(295 P. [2d] 1036)

Decided April 9, 1956. Rehearing denied April 30, 1956.

o

Mr. E. Clifford Heald, Mr. Victor Ginsberg, Mr. Leon Ginsberg, for plaintiff in error.

Mr. J. Fred Schneider, Mr. L. E. F. Talkington, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Plaintiff in error as plaintiff on March 30, 1953, filed his complaint by which he sought to recover the sum of $1,425 with interest thereon, which he claimed as a commission due him as a licensed broker in connection with the sale of property located in Denver, Colorado, under a nonexclusive listing with defendant, the owner thereof. In due course defendant answered, generally denying that plaintiff had earned a commission and alleging facts in connection with the transaction, the material parts of which will be mentioned in our discussion. Other pleadings in the case are not consequential in the determination. When the matter came to issue it was tried to the court without a jury, and at the conclusion of the introduction of plaintiff's testimony the trial court sustained a motion for nonsuit and entered judgment in favor of defendant and dispensed with motion for new trial.

Reversal of the judgment is sought upon two grounds. We deem it necessary to discuss but one, that is, the claimed error of the trial court in granting the motion for nonsuit and dismissal of the complaint.

The essential part of the contract between the parties hereto is as follows:
"THIS IS A NON-EXCLUSIVE LISTING
"Denver, Colorado, June 27, 1952

"In consideration of the services of the undersigned real estate broker, I hereby list with said broker nonexclusively, the property described below, and I hereby grant said broker the non-exclusive right to sell the same at the price and on the terms herein stated, or at such other price and terms which may be accepted by me and to accept a deposit thereon. In case of any sale or exchange of same, either by the undersigned owner, or the undersigned broker, to any party with whom the said broker negotiated and whose name was disclosed to the owner by the broker I hereby agree to pay said broker any amount over $30,000.00 for which said property is sold. In case of any sale or exchange of the property described below, by the undersigned owner to any party with whom the broker negotiated, and whose name was disclosed to the owner by the broker for any amount accepted by me, I hereby agree to pay said broker any amount over $30,000.00 for which said property is sold, but in any event, not less than the regular commission as provided by the Denver Board of Realtors.

"Address: 1344 Speer Boulevard, Denver, Colorado"

■ This nonexclusive listing is not on a printed form customarily used in the real-estate brokerage business but is an instrument specially prepared by plaintiff, who is an attorney as well as a licensed real estate broker. If it could be said that there is an ambiguity in the contract, then following the well-established rule of law, such ambiguity or uncertainty must be construed against the writer. It is academic that plaintiff is not entitled to collect or recover a commission unless and until he had earned the same according to law.

Plaintiff's only right to recover in this case must be found in the contract above set out. By this contract he did not protect himself against the possibility of the property being sold by another broker. The basic facts briefly stated are: That on October 27, 1952, plaintiff secured from prospective buyers a written offer for the property involved in the amount of $26,500, accompanied

by a deposit. Prior to that time plaintiff had advised defendant owner of an oral offer of $25,000, neither of these offers were satisfactory to defendant and were not accepted. Again plaintiff offered the property to prospective buyers for $28,500 with defendant's consent. These prospective buyers for some reason refused to accept the offer and did not make an offer of $28,500 to plaintiff at the time he returned their deposit to them. The best offer plaintiff ever presented to the owner was $26,500. It also is apparent that the owner permitted plaintiff to exhaust all his efforts in trying to consummate a sale, and then finally permitted a rival broker to sell the property for $28,500.

There is no showing whatever that plaintiff produced a purchaser who was ready, willing and able to buy the property at a price and upon terms satisfactory to the owner or upon any terms that had been suggested by such owner. Further there is a total lack of any evidence that the sale as finally made proceeded from any effort of plaintiff. Defendant openly placed his property in the hands of first, plaintiff broker, and then the second broker; and in the payment of commissions he was relieved of any liability to plaintiff broker, who did not consummate the sale. Beginning with our earliest reports, decisions of this court are legion to the effect that under the facts in this case plaintiff is not entitled to recover. Recovery in this case is not only barred by the decisions of this court, but by the provisions of C.R.S. '53, 117-2-1, which is as follows:

"No real estate agent or broker shall be entitled to a commission for finding a purchaser who is ready, willing and able to complete the purchase of real estate as proposed by the owner, until the same is consummated or is defeated by the refusal or neglect of the owner to consummate the same as agreed upon."

This statute first appears in our 1915 Session Laws and has been before this court in numerous cases.

It appears from the transcript of the testimony that

the trial court permitted plaintiff to present all his evidence in support of his complaint, and upon giving the testimony deliberate consideration, determined that plaintiff was not entitled to recover and sustained a motion for nonsuit against plaintiff and dismissed the complaint. This ruling of the trial court is fully supported by the record and therefore will not be disturbed. The judgment accordingly is affirmed.