Albert Lee BACKUS, Plaintiff-Appellant,

v.

APISHAPA LAND AND CATTLE COMPANY, Defendant-Appellee.

No. 79CA0678.

Colorado Court of Appeals,
Div. I.

Feb. 7, 1980.

Rehearing Denied March 27, 1980.

Certiorari Denied Aug. 5, 1980.

Predovich, Ward & Banner, Donald J. Banner, Pueblo, for plaintiff-appellant.

Rothgerber, Appel & Powers, Michael D. Nosler, Denver, for defendant-appellee.

KELLY, Judge.

Albert Lee Backus instituted this action against Apishapa Land and Cattle Company to recover under a listing agreement for the sale of real property. The trial court granted Apishapa's motion for summary judgment. We affirm in part and reverse in part.

■ Before filing an answer, Apishapa filed its motion for summary judgment pursuant to C.R.C.P. 56(b), and neither party filed affidavits or other supporting documents. Consequently, in reviewing the judgment, the facts alleged in the complaint, being the only facts before us, are accepted as true. *See Tamblyn v. Denver,* 118 Colo. 191, 194 P.2d 299 (1948).

According to the complaint, Apishapa entered into a listing agreement with H. L. Cook to sell Apishapa's real property. Cook, a real estate broker licensed in Colorado, also agreed with Backus, a broker licensed in Texas, to cooperate in seeking a buyer for Apishapa's property, and to share the commission due on the Apishapa-Cook contract. Apishapa breached the agreement with Cook by withdrawing the property from sale, and it refused to pay the "commission" provided by the agreement in the event of such withdrawal. Cook assigned his right, title, and interest to Backus in any commission due pursuant to the agreement with Apishapa.

Backus claimed relief based on the Apishapa-Cook agreement and Cook's assignment to him, and on Apishapa's unjust enrichment. The trial court ruled that Backus was precluded from seeking recovery on these theories because he was not licensed as a broker or real estate salesman pursuant to the Colorado statute.

I.

Backus argues that, while § 12–61–102, C.R.S.1973, (Repl.Vol. 5) prohibits an unlicensed broker from entering into a contract for the sale of Colorado property in his own right, a real estate broker licensed in another state who cooperates with a broker licensed in Colorado pursuant to § 12–61–101(4)(n), C.R.S.1973, (Repl.Vol. 5) is not precluded from seeking recovery of a commission directly from the seller.

■ The trial court properly concluded that Backus may not pursue a claim for commission directly from Apishapa; however, it improperly concluded that § 12–61–102 prohibits all recovery under the circumstances here. The proper basis for this ruling is that Backus had no contract with Apishapa. Apishapa's contract was with the licensed broker Cook. Even though Apishapa did business with Backus, Backus' rights to a portion of the moneys due derive from his agreement with Cook, and he may demand direct compensation only from Cook. *See Becker v. Arnold,* Colo.App., 591 P.2d 596 (1979). Consequently, Backus cannot maintain a contract action directly against Apishapa.

II.

■ Summary judgment was erroneously entered, however, as to Backus' other two claims for relief. Summary judgment is proper only when there is no genuine issue as to any material fact, and when the moving party is entitled to judgment as a matter of law. *Abrahamsen v. Mountain States Telephone & Telegraph Co.,* 177 Colo. 422, 494 P.2d 1287 (1972).

**44**

In his complaint, Backus alleged that a contract existed between Cook and Apishapa and that Cook assigned his rights under the contract to Backus. Since an assignee of contract rights stands in the shoes of the assignor, Backus may proceed against Apishapa as if he were Cook. *See Farmers Acceptance Corp. v. Howard K. Delozier Construction Co.*, 178 Colo. 291, 496 P.2d 1016 (1972).

### III.

Backus may also proceed alternatively on his claim for unjust enrichment. C.R.C.P. 8(e)(2). A plaintiff is entitled to recover based on the unjust enrichment of a defendant when the plaintiff has no alternative right on an enforceable contract. 12 *S. Williston, Contracts* § 1479 (W. Jaeger 3d ed. 1970). A plaintiff relying on unjust enrichment must allege that he conferred a benefit which was known to or appreciated by the defendant, and which the defendant accepted or retained, making it inequitable for him to retain the benefit without payment. *See Dass v. Epplen*, 162 Colo. 60, 424 P.2d 779 (1967). These elements have been substantially alleged here. *See* C.R.C.P. 8(a). Accordingly, Apishapa was not entitled to judgment as a matter of law, since, if Backus' assignment claim fails, he will have no right under an enforceable contract. Under such circumstances, Backus may be able to recover for unjust enrichment.

We do not agree with Apishapa's argument that Backus' claims based on the theories of assignment and unjust enrichment were properly dismissed because they were a subterfuge for avoiding the prohibitions against claims by unlicensed brokers. The argument would have merit if Backus' activities in connection with the real estate were prohibited by law. *See Benham v. Heyde*, 122 Colo. 233, 221 P.2d 1078 (1950); *Reed v. Bailey*, 34 Colo.App. 20, 524 P.2d 80 (1974); § 12–61–102, C.R.S.1973, (Repl.Vol. 5). Here, however Backus' activities were within § 12–61–101(4)(n), added by Colo. Sess.Laws 1977, ch. 177, at 772, which establishes an exception to § 12–61–102 and al-

lows a real estate broker licensed in another state to enter into a cooperative relationship with a licensed Colorado broker. Therefore, he is not prohibited from asserting other claims for relief which might form the basis for recovery.

That portion of the summary judgment dismissing Backus' direct claim against Apishapa for the broker's commission is affirmed. The remainder of the summary judgment dismissing Backus' claim as an assignee of Cook and his claim for unjust enrichment is reversed and the cause is remanded for further proceedings on these two claims.

COYTE and SMITH, JJ., concur.