**CIRCLE C BEEF COMPANY,**
**Plaintiff-Appellant,**

v.

**HOME INSURANCE CO., Reed Shaw**
**Stenhouse, Inc., and Fred A. Embry,**
**Defendants-Appellees.**

**No. 82CA0215.**

Colorado Court of Appeals,
Div. III.

Oct. 28, 1982.

Ehrlich & Futro, Michael L. Ehrlich, Englewood, for plaintiff-appellant.

Watson, Nathan & Bremer, P.C., Howard W. Bremer, Denver, for defendants-appellees.

BERMAN, Judge.

This is an appeal from a summary judgment entered in favor of the defendant insurance company because of the plaintiff's failure to comply with contractual time limits for filing a proof of loss statement and instituting a law suit. We reverse.

Plaintiff suffered a fire loss in December of 1977. His insurance policy with defendant required him to submit a proof of loss statement within 60 days of loss. Plaintiff did not timely file, and his claim was denied.

The policy also required that any suits challenging treatment of claims under the policy be brought within 12 months. Plaintiff did not file suit until after the 12-month period had expired.

Defendant moved for summary judgment because of the plaintiff's failure

to comply with the contract's conditions in a timely manner. Plaintiff answered that an agent of defendant gave him oral assurances that, in his case, timely performance would be excused, and that this raised a genuine issue of material fact which prevented summary judgment against him. We agree.

■ Summary judgment is appropriate only when there is no genuine issue as to any material fact, and when the moving party is entitled to judgment as a matter of law. *Backus v. Apishapa Land & Cattle Co.,* 44 Colo.App. 59, 615 P.2d 42 (1980). The party against whom a motion is made is entitled to all favorable inferences which may be drawn from the evidence. *O'Herron v. State Farm Mutual Automobile Insurance Co.,* 156 Colo. 164, 397 P.2d 227 (1964).

■ The plaintiff here has raised the issues of waiver and estoppel in his summary judgment pleadings. Although timely compliance is generally a condition precedent to the insurer's liability, a satisfactory excuse for noncompliance may be shown. *Capital Fixture & Supply Co. v. National Fire Insurance Co.,* 131 Colo. 64, 279 P.2d 435 (1955). A subsequent waiver of the conditions would constitute a valid excuse. Thus, there exists a genuine issue of fact as to whether plaintiff was induced by an agent of defendant to delay his filings.

Defendant argues that such a result is precluded here as a matter of law because the policy required all waivers to be in writing. We disagree.

The question of whether a provision in an insurance contract requiring all waivers to be in writing applies to post-loss conditions was settled definitively as early as 1931. *Concordia Insurance Co. v. School District No. 98,* 282 U.S. 545, 51 S.Ct. 275, 75 L.Ed. 528 (1931). In *Concordia,* the Supreme Court held that non-waiver provisions "ha[ve] reference to those provisions and conditions which constitute part of the contract of insurance and [do] not apply to a waiver, after the loss occurs, of stipulations in respect of things to be done subsequent to the loss as prerequisites to adjustment and payment." The overwhelming majority of modern cases follow the *Concordia* rule. *See* 5 *S. Williston, Contracts* § 766 (W. Jaeger 3d ed. 1961).

The rule has been so long settled that the recent cases which consider it provide little insight into its rationale; however, the Tenth Circuit decision affirmed by *Concordia* is instructive:

"[Proof of loss statements] could not be furnished until after the loss had occurred and liability of the insurers if any had accrued. The requirement was a condition subsequent and only provided means, if accepted as to verity, by which insurers' liability and its extent could be ascertained."

*Concordia Insurance Co. v. School District No. 98,* 40 F.2d 379 (10th Cir.1930).

■ We are in accord with the *Concordia* rule and its rationale as expressed in the Tenth Circuit court opinion. In fact, it applies with special strength here, because the language of the non-waiver provision construed in *Concordia* does not differ in any significant way from the provision construed here. Thus, we hold that the contract's requirements for submitting a proof of loss statement and for filing suit could be waived, even in the absence of a writing, because they were both conditions required to be performed after the loss occurred.

Moreover, it is immaterial that the issues of estoppel and waiver were not specifically alleged in plaintiff's complaint. "[W]here, as here, there are allegations in the complaint and facts appearing in an affidavit which may be construed as supporting the theories of estoppel and waiver, and those theories are argued to the trial court ... the trial court must treat the complaint as amended for purposes of considering a motion for summary judgment." *Discovery Land & Development Co. v. Colorado-Aspen Development Corp.,* 40 Colo.App. 292, 577 P.2d 1101 (1977). Here, the facts supporting estoppel and waiver are set out in plaintiff's "Memorandum Brief in Opposition to Defendant's Motion for Summary Judgment," are verified by an affidavit, and were argued to the trial court.

The judgment is reversed and the cause is remanded for trial on the merits.

KELLY and KIRSHBAUM, JJ., concur.