682 P.2d 1146

GRANT ROAD LUMBER COMPANY, INC., an Arizona corporation; A & H Building Materials, Inc., an Arizona corporation; and Economic Crime Prevention Consultants, Ltd., an Arizona corporation, dba E–C–P, Plaintiffs/Appellees,

v.

Michael G. WYSTRACH and Grace Wystrach, husband and wife; W.R. Eddins and Janet Eddins, husband and wife; and Western Pacific Development Corporation, an Arizona corporation, Defendants/Appellants.

ECONOMIC CRIME PREVENTION CONSULTANTS, LTD., an Arizona corporation, dba E–C–P; and Irrigation and Sprinkler Supply, Inc., Plaintiffs/Appellees,

v.

Michael G. WYSTRACH and Grace Wystrach, husband and wife; W.R. Eddins and Janet Eddins, husband and wife; and Western Pacific Development Corporation, an Arizona corporation, Defendants/Appellants.

Nos. 2 CA–CIV 4932, 2 CA–CIV 4933.

Court of Appeals of Arizona, Division 2.

April 10, 1984.

Review Denied June 26, 1984.

Charles M. Giles, P.C. Jim D. Himelic, P.C. by Charles M. Giles, Tucson, for plaintiffs/appellees.

Mesch, Clark & Rothschild, P.C. by Douglas H. Clark, Jr. and Jonathan Rothschild, Tucson, for defendants/appellants.

## OPINION

HOWARD, Judge.

This appeal is from the granting of a summary judgment. Economic Crime Prevention Consultants, Ltd., (E–C–P) is a collection agency. It filed a complaint in Pima County Superior Court which named Grant Road Lumber Company, Inc., (Grant Road Lumber) and A & H Building Materials, Inc., (A & H) as plaintiffs and alleged that defendants owed Grant Road Lumber a balance of $24,154.91 and A & H a balance of $7,228.23. The complaint also alleged that the defendants agreed to pay collection costs and attorneys fees and that collection costs had been incurred in the sum of $6,038.50 on the Grant Road Lumber account and $1,781.13 on the A & H account.

After defendants answered the complaint plaintiffs moved for summary judgment supported by proper affidavits which showed, inter alia, that: (1) the balances were due and owing; (2) the accounts had been assigned to E–C–P for collection; (3) defendants had agreed, in writing, to pay the cost of collection and reasonable attorneys fees; (4) that collection fees had been incurred in the amounts stated in the complaint, and (5) the amount of reasonable attorney's fees. The defendants filed an opposition to the summary judgment which was not supported by any affidavits or other documents.

Defendants initially opposed the motion for summary judgment on the ground that the wives of the individual defendants could not be personally liable and because a motion to amend to allege a counterclaim was pending. They also filed a motion for summary judgment as to the liability of the wives. The trial court gave the parties extra time to file memoranda related to the collection costs. Defendants filed a memorandum unsupported by any affidavits. It consisted merely of arguments of counsel, but pointed out that the plaintiffs were obligated, as part of their motion, to make a prima facie showing that the collection costs were reasonable in amount. On March 1, 1983, the trial court granted sum-

mary judgment against the defendants for the amounts stated in the affidavits and directed the plaintiffs' attorney to prepare a written judgment. On March 8 a written judgment was filed in both cases awarding plaintiffs' collection costs of $7,819.63 on the Grant Road debt, the principal amount of $31,382.42 and attorneys' fees of $968.00 having previously been collected. A judgment was also entered on the A & H debt awarding plaintiffs' collection costs of $588.69, the principal amount of $2,355.17 and attorneys' fees of $608.00 having been paid.

Defendants contend that the trial court erred in awarding costs to E–C–P because E–C–P is engaged in the unauthorized practice of law, E–C–P's contract was made for purposes in violation of public policy and because E–C–P's conduct violated the federal Fair Debt Collection Act, 15 U.S.C. § 1692, et seq. Defendants also claim that if E–C–P is entitled to any collection costs that the collection costs must be related to the services performed by E–C–P and there was no evidence in the record as to what services E–C–P performed and therefore the matter should be remanded for a hearing to the superior court to determine the compensation.

As for the claim that E–C–P is not entitled to collection costs because it was engaged in the unauthorized practice of law, we find our case of *Cruz v. Lusk Collection Agency*, 119 Ariz. 356, 580 P.2d 1210 (1978) to be controlling and that defendant's contention is frivolous.

■ A debt collector is prohibited by 15 U.S.C. § 1692 from collecting any amount incidental to the principal obligation unless such amount is especially authorized by the agreement creating the debt. In the case of Grant Road Lumber, there was an express agreement of at least 20 per cent of the amount due for collection costs. In the case of A & H the evidence, through affidavit of the agent, was that the specific cost in the account turned over for collection by E–C–P was $1,781. It also was based upon written agreement.

Therefore, there was no violation of the act and defendants' contention on this point is also frivolous. Furthermore, since E–C–P was entitled to bring a lawsuit as an assignee, there was no violation of public policy.

■ As for the amount of the collection costs, defendants refer to a deposition which was not part of the record below at the time the motion for reconsideration was made. Furthermore, the motion for reconsideration makes no references to any specific pages in this deposition and does *not* contest reasonableness of the amount of the collection costs, but, instead, is an attack based upon their allegation that E–C–P was engaged in the unlawful practice of law. However, as part of their motion for summary judgment, the burden was on the plaintiffs to show that there was no genuine issue as to any material fact and that they were entitled to judgment as a matter of law. This means they had to make a prima facie showing that the collection costs they claimed were reasonable. Cf. *Crouch v. Pixler,* 83 Ariz. 310, 320 P.2d 943 (1958) and *Schweiger v. China Doll Restaurant, Inc.,* 138 Ariz. 183, 673 P.2d 927 (App.1983). While these foregoing cases involve the charging of attorney's fees, they are analogous to the charging of collection fees. The payment of collection costs by the client to the collection agency here was on a contingency basis. In such instances, the amount charged is not prima facie reasonable. See *Schweiger v. China Doll Restaurant, Inc.,* supra. There must be other evidence such as the reasonable amount for a contingency fee charged in the community for similar work and the reasonableness of the amount in turn collected from the debtor based upon prevailing practices in the community. Of course, if the parties agree in advance to a certain percentage, as was done here with the Grant Road account, no other evidence is necessary.

■ It is therefore necessary to remand the issue of the reasonableness of the collection fees to the trial court for further proceedings, except as to an amount equal to 20 per cent of the principal on the Grant Road account, which amount is due by agreement of the parties, any sums over 20 per cent being still subject to proof of reasonableness. The judgment is affirmed in all other respects.

BIRDSALL, C.J., and HATHAWAY, J., concur.