743 P.2d 5

**David L. BUSTRUM,
Plaintiff/Appellant,**

**v.**

**Kathleen GARDNER, as Trustee of the Gardner Management, Inc. Profit Sharing Plan & Trust dated March 13, 1981, Defendant/Appellee.**

**2 CA-CV 87-0069.**

Court of Appeals of Arizona,
Division 2, Department B.

June 5, 1987.

Review Denied Sept. 15, 1987.

Mariscal, Weeks, McIntyre & Friedlander, P.A. by Donald N. McIntyre and Andrew L. Pringle, Phoenix, for plaintiff/appellant.

Wright & Decker by Roger C. Decker and Ryan P. Dyches, Mesa, for defendant/appellee.

## OPINION

HATHAWAY, Chief Judge.

Appellant is a licensed California real estate agent who entered into an agreement with Tradewinds Realty and Investment, Inc., a licensed Arizona real estate broker, concerning the sale of certain real property located in Arizona. Tradewinds and Bustrum agreed to share the commission earned on the sale of the property. Appellee, as the seller, was to pay the commission from payments received as proceeds from the sale. The commission due was $353,069.71. Appellee paid $112,624 to Tradewinds, and then refused to pay the remainder of the commission.

Tradewinds and Bustrum sued to collect the remainder of the commission. Appellee filed a motion to dismiss pursuant to Rule 12(b)(6), Rules of Civil Procedure, 16 A.R.S., on the grounds that the complaint did not allege that Tradewinds was licensed in Arizona, and that, as to Bustrum, the

complaint alleged only that he was licensed in California, not licensed in Arizona. Appellee argued that because Bustrum was only licensed in California, A.R.S. § 32–2152 prohibited Bustrum from maintaining an action to collect the unpaid commission. The trial court granted appellee's motion to dismiss as to Bustrum on July 27, 1984. Tradewinds was allowed to amend the complaint to allege its status as a broker licensed in Arizona.

The case continued with Tradewinds pursuing its own as well as Bustrum's interest in the unpaid commission. The pre-closing agreement had contemplated a split of the commission whereby Bustrum would receive two-thirds of the total commission and Tradewinds would receive one-third. After the entry of dismissal as to Bustrum, Tradewinds assigned two-thirds of the entire commission amount to Bustrum.

Subsequently, Tradewinds entered into a stipulation and motion to dismiss with appellee wherein the parties agreed to dismiss both the complaint and appellee's counterclaim. Bustrum opposed the stipulation and motion to dismiss and Tradewinds ultimately moved to withdraw its stipulation. The trial court denied Tradewinds' motion and, on December 18, 1985, dismissed the case pursuant to the stipulation.

Bustrum also filed a motion for reconsideration of the July 27 dismissal of his claim, attaching a copy of the assignment of commission, and a motion to file an amended complaint. Both motions were denied. Bustrum then filed a proposed judgment incorporating the various rulings made by the trial court. From the judgment dismissing the complaint and denying his motion for reconsideration and motion to file an amended complaint, Bustrum appeals. We reverse.

■ At the outset, we note that Bustrum's appeal is timely. Although the trial court dismissed Bustrum's complaint pursuant to Rule 12(b)(6) on July 27, 1984, that order was not a final appealable order as required by Rule 54(b), Rules of Civil Procedure, 16 A.R.S. That order was, therefore, interlocutory in nature and Bustrum was not able to appeal. Bustrum believed that his interests were being protected by Tradewinds, and it was not until the judgment denying Tradewinds' request to withdraw its stipulation of dismissal was entered that it was clear Bustrum's interests were no longer protected and a final appealable order had been entered.

Thus, we turn to the substantive issue: whether A.R.S. §§ 32–2152 and –2163 permit Bustrum to pursue a claim for unpaid commissions in Arizona courts. Because Tradewinds assigned all of its rights, titles and interests connected with the commission to Bustrum, we find that Bustrum may maintain the instant action.

A.R.S. § 32–2152 provides that an action for collection of compensation may be maintained by any qualified licensed broker or salesman, provided such salesman or broker was so licensed at the time the cause of action arose. A.R.S. § 32–2163 prohibits employing or compensating an unlicensed broker, but provides that a licensed broker may pay compensation to a broker of another state and may also receive compensation.

■ The statutory scheme clearly allows a licensed out-of-state broker to receive compensation from a licensed in-state broker. *Adams Realty Corporation v. Realty Center Investments, Inc.*, 149 Ariz. 405, 719 P.2d 291 (App.1986). In *Adams*, the court held that a licensed California broker was legally entitled to share a commission with a licensed Arizona agent, and also could maintain an action in an Arizona court to collect that commission against the Arizona broker or any party undertaking that broker's obligations. While *Adams* is not on all fours with the facts at issue, it is instructive. The court would not allow an overly-strict interpretation of A.R.S. § 32–2152 to defeat a foreign broker's right to maintain an action on an earned commission.

■ Tradewinds had the legal right to a commission from Gardner. This right is assignable. *Valley National Bank of Arizona v. Byrne*, 101 Ariz. 363, 419 P.2d 720 (1966). Tradewinds assigned Bustrum a two-thirds interest in the total commission

owed along with all of its rights, titles and interests in the commission, "including the right to collect in [Tradewind's] or [Bustrum's] name...." Bustrum then stood in the same position as Tradewinds as far as the rights surrounding the unpaid two-thirds commission. *Lount v. Mosher*, 115 F.2d 903 (9th Cir.1940), cert. den. 313 U.S. 581, 67 S.Ct. 1097, 85 L.Ed. 1537 (1941). Bustrum is entitled to bring a lawsuit in Arizona, in his own name, to enforce these rights. See *Grant Road Lumber Company, Inc. v. Wystrach*, 140 Ariz. 479, 682 P.2d 1146 (App.1984); *Cruz v. Lusk Collection Agency*, 119 Ariz. 356, 580 P.2d 1210 (App.1978).

We hold that a licensed, out-of-state broker may bring an action to recover a commission in Arizona courts when that broker had a commission-splitting agreement with an Arizona broker, and when the Arizona broker had a contractual right to the commission and assigned that right to the foreign broker. *Backus v. Apishapa Land and Cattle Company*, 44 Colo.App. 59, 615 P.2d 42 (1980). Therefore, we reverse the judgment of the trial court dismissing Bustrum's claim.

HOWARD, P.J., and LACAGNINA, J., concur.