**A.T.E., INC., Plaintiff–Appellant,**

v.

**NELSON WEST CONSTRUCTORS, INC., d/b/a Nelson Incorporated of Wisconsin–Western Constructors, Defendants–Appellees,**

**and**

**CALIFORNIA PARK CONSTRUCTORS CO., INC., Plaintiff–Appellant,**

v.

**NELSON, INCORPORATED OF WISCONSIN, Defendant–Appellee.**

**No. 86CA0501.**

Colorado Court of Appeals, Div. I.

April 7, 1988.

Rehearing Denied May 5, 1988.

Holt & Gebow, L. Tyrone Holt, Thomas E. Gebow, Marcia G. O'Brien, Denver, for plaintiffs-appellants.

Silverman and Gelman, P.C., Eldon E. Silverman, Melissa Mahaney, Denver, for defendants-appellees.

PIERCE, Judge.

Plaintiffs, A.T.E., Inc. (ATE) and California Park Construction Co., Inc. (California Park), appeal the trial court's dismissal of their complaint against defendant, Nelson West Constructors, Inc., d/b/a Nelson Inc. of Wisconsin. We reverse.

Defendant was hired as the primary contractor for the construction of a cargo building at Stapleton International Airport. In 1982, defendant subcontracted with ATE to perform certain masonry work on the project. Although it was not licensed with the City and County of Denver, ATE signed a statement representing that it possessed all "necessary business licenses" to do business in Colorado. ATE then subcontracted with California Park, a licensed subcontractor, to perform the services required of ATE under its agreement with defendant.

California Park completed the services required under the contract, but defendant refused to pay either ATE or California Park. After filing verified statement of claims pursuant to § 38–26–107, C.R.S.,

both ATE and California Park brought suit to recover funds allegedly owed by defendants. These causes of action were later consolidated into the present case, and California Park was authorized to prosecute both claims.

After preliminary discovery, defendant moved for judgment on the pleadings or dismissal for failure to state a claim. Relying upon *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau,* 198 Colo. 444, 601 P.2d 1369 (1979), the trial court found that neither ATE nor California Park was entitled to pursue any claim based upon either a breach of contract theory or *quantum meruit,* and it therefore granted defendant's motion on the pleadings.

## I.

Plaintiff contends that the trial court erred in dismissing the complaint. We agree.

In *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau, supra,* a contractor had agreed to perform carpentry work at defendant's apartment complex in New Mexico. The contractor commenced work, but construction was halted by New Mexico officials because the contractor had not obtained a New Mexico contractor's license.

Applying New Mexico law, our supreme court determined that the contractor was precluded from bringing any action, either for breach of contract or on *quantum meruit,* against defendant because he was not a duly licensed contractor. However, our supreme court relied specifically on N.M. Stat.Ann. § 60–13–30 (1978) which provided that:

"No contractor shall ... bring or maintain any action in any court ... for the collection of compensation for the performance of any act ... without ... proving that such contractor was a duly licensed contractor at the time the alleged cause of action arose."

In its holding, the court specifically noted, even though in *dicta,* that: "Application of Colorado law would result in [defendant] being liable as there is no impediment to enforceability of the contract."

In the present case, Colorado law applies. It is equally certain that, unlike in the *Wood Bros.* case, the work here was completed by a licensed subcontractor. Furthermore, there is no state statute remotely similar to that found dispositive in *Wood Bros.* Hence, we conclude that *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau, supra,* does not control, and neither plaintiff is precluded, as a matter of law, from bringing suit.

We reject defendant's contention that the Denver Building Code is somehow analogous to the New Mexico statute in barring a cause of action. Even if we were to assume that the Denver Building Code could operate to bar suit, nothing in the record here shows that a violation of that code occurred.

The Denver Building Code § 202(b) provides that:

"Licenses shall be required for all types of work described in this chapter."

Here, the work at issue was completed by a licensed subcontractor, and therefore, no provision of the code was shown to have been violated. Furthermore, nothing in the code operates to bar a cause of action. Thus, neither ATE nor California Park are precluded from bringing suit by virtue of the provisions of the Denver Building Code.

## II.

Defendant contends that the contract between it and ATE contained an anti-assignment clause, and therefore, California Park, as assignee of the contract, is precluded from bringing its cause of action. We disagree.

The record shows that the trial court did not address any factual questions regarding ATE's possible breach of the anti-assignment clause. Rather, the trial court granted defendant's motion for judgment on the pleadings based entirely upon its mistaken conclusion that *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau, supra,* precluded both plaintiffs' causes of action. Thus, the factual questions regarding ATE's alleged breach of

the anti-assignment clause have not been addressed.

Regardless though, even if the anti-assignment clause may have been an available defense against California Park, as assignee of the contract, a claim for *quantum meruit* exists independently from that of the contract. *Backus v. Apishapa Land & Cattle Co.*, 44 Colo.App. 59, 615 P.2d 42 (1980); *see Denver Ventures, Inc. v. Arlington Lane Corp.*, 754 P.2d 785 (Colo.App.1988). Therefore, there was no basis to dismiss California Park's claim for recovery based upon *quantum meruit.*

The judgment of the trial court is reversed, and the cause is remanded with directions to reinstate the complaint, and for further proceedings consistent with this opinion.

CRISWELL and HUME, JJ., concur.