David STANFORD, d/b/a Stanford Investment & Management, and Robert Regester, Plaintiffs–Appellants,

v.

RONALD H. MAYER REAL ESTATE, INC., and Bogle Farms, Inc., Defendants–Appellees.

No. 92CA0163.

Colorado Court of Appeals, Div. I.

Feb. 25, 1993.

Braden, Frindt, Stinar & Stimple, P.C., Ronald Frindt, Colorado Springs, for plaintiffs-appellants.

R.H. Peck, P.C., R.H. Peck, Craig, for defendants-appellees.

Opinion by Judge METZGER.

Plaintiffs, David Stanford and Robert Regester, appeal the judgment of the trial court which denied their request for a percentage of earnest money forfeited as liquidated damages pursuant to a real estate sales contract. We affirm.

The essential facts are not disputed. Defendant, Bogle Farms, Inc. (owner), entered into an exclusive listing agreement with the real estate brokerage firm of Ronald H. Mayer, defendant, whereby Mayer undertook to sell owner's real property. The agreement provided in part that Mayer "agrees to work jointly with all licensed real estate brokers on a co-operative basis...."

In January of 1989, Regester, a licensed real estate salesman employed by Stanford, a licensed broker, contacted Mayer concerning the property and later submitted a proposed contract on behalf of Tommy Watkins Construction Co. (buyer). It is undisputed that no formal agency relationship existed between Regester or Stanford and buyer. The finalized contract provided for a purchase price of $5,130,000, with $240,000 received as earnest money. Owner agreed to pay a commission of 6% of the purchase price to Mayer and to pay Mayer 50% of the earnest money if buyer defaulted under the contract and if the deposit were consequently forfeited to owner.

Mayer, by separate correspondence to Regester, confirmed that Mayer "will cooperate by paying the cooperating broker 50% of the commission received less ... expenses on the listing to date, based on what the property sells for." This representation for a commission division was repeated several times and is the undisputed understanding of the parties.

Buyer defaulted, and the earnest money was divided between owner and Mayer. Stanford and Regester then brought this action seeking a portion of the earnest money, claiming they were the subagents of Mayer and, therefore, were entitled to one-half of the deposit received by Mayer, or approximately $60,000. Plaintiffs additionally plead that they were the third-party beneficiaries of the listing agreement and sales contract and further alleged entitlement to compensation based upon equitable grounds.

Upon cross-motions for summary judgment, the trial court determined plaintiffs were not Mayer's subagents and refused to allow recovery on plaintiffs' alternative claims. Summary judgment accordingly entered for Mayer.

On appeal, plaintiffs assert they were the subagents of Mayer and contend they are entitled to share in the earnest money because it is undisputed they would have

shared in Mayer's commission had the sale closed. We do not agree.

If we assume, without deciding, that plaintiffs' production of a seller here operated, by the conduct of the parties, to create an agency relationship, *see Guy Martin Buick, Inc. v. Colorado Springs National Bank,* 184 Colo. 166, 519 P.2d 354 (1974), that relationship, however characterized, is nevertheless governed by the terms of plaintiffs' employment in the transaction. *See Scott v. Huntzinger,* 148 Colo. 225, 365 P.2d 692 (1961). A proper resolution of this case thus turns on what the parties agreed plaintiffs' compensation would be.

 If the sale had closed, plaintiffs could claim division of the commission. Such a possibility was apparently authorized by the listing agreement between the owner and Mayer and was offered and extended by Mayer to plaintiffs. Plaintiffs essentially argue that, since the parties do not dispute that apportionment of the commission was agreed to if the sale occurred, similar apportionment of the forfeited deposit must be assumed or implied if the sale did not occur. We reject this argument.

Even though a contract for commission attributable to a sale of real estate fails to specify what would happen if the sale does not occur, it is nonetheless unambiguous and enforceable. *See Mashburn v. Wilson,* 701 P.2d 67 (Colo.App.1984).

However, a real estate broker's right to a commission in the first instance is governed by the particular terms of the agreement and the performance expected thereby. *See Ginsberg v. Frankenberg,* 133 Colo. 382, 295 P.2d 1036 (1956). Accordingly, by the undisputed terms of the agreement here, plaintiffs were entitled to a commission or compensation only upon sale. Since no sale occurred, plaintiffs are not entitled to compensation.

Alternatively, plaintiffs contend they are entitled to share in the earnest money under the equitable theory of unjust enrichment. However, there is an express contract here specifying that compensation is contingent upon completion of the sale. Thus, unjust enrichment is not a viable theory of recovery. *See P.J. Berry Co. v. Denver American Family Lodge West, Inc.,* 663 P.2d 264 (Colo.App.1983). Plaintiffs had no sustainable expectation of compensation under the circumstances here.

Judgment affirmed.

PIERCE and DAVIDSON, JJ., concur.