**INTERBANK INVESTMENTS, LLC, Plaintiff–Appellee,**

v.

**EAGLE RIVER WATER AND SANITATION DISTRICT, f/k/a Vail Valley Consolidated Water District, Defendant–Appellant.**

No. 02CA0556.

Colorado Court of Appeals, Div. III.

March 27, 2003.

Certiorari Denied Oct. 6, 2003.

Lottner Rubin Fishman Brown & Saul, P.C., Richard I. Brown, Michael D. Murphy, Denver, Colorado, for Plaintiff–Appellee.

Paul C. Rufien, P.C., Paul C. Rufien, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge WEBB.

In this contract dispute, defendant, Eagle River Water and Sanitation District (district), appeals the trial court's judgment awarding damages for unjust enrichment in favor of plaintiff, Interbank Investments, LLC. We reverse.

The dispute arises from two similar contracts among a land developer, plaintiff's predecessor, and two other water districts, since consolidated into the district. Under these contracts, the predecessor districts would pay the developer its expenses of constructing a water distribution system in its project, after transfer of the system to the districts and to the extent that tap fees later collected by those districts from the project exceeded certain of their costs. Although the predecessor districts received the system and collected tap fees well above their costs, nothing was paid to either the developer or plaintiff.

Plaintiff, as successor to the developer, sued the district for breach of contract, unjust enrichment, and an accounting. The district asserted various defenses, including the unavailability of equitable relief where an adequate legal remedy exists. Following a bench trial, the court found that plaintiff

failed to prove actual damages for breach of contract and that this claim was time barred. The trial court indicated that unjust enrichment "may apply" and unjust enrichment awards totaling $234,481.80 "might be" appropriate, but concluded that the unjust enrichment claim was also untimely. Plaintiff appealed and the district cross-appealed.

As relevant here, a division of this court affirmed the trial court's finding that plaintiff failed to prove actual damages for breach of contract, but reversed the court's determination that the contract and unjust enrichment claims were time barred. The division concluded that "plaintiff is entitled only to nominal damage awards on its contract claims." As to unjust enrichment, given the "tentative nature" of the trial court's rulings, the division was "unable to determine whether plaintiff should recover restitution for unjust enrichment in lieu of the nominal damage awards." The division remanded to determine whether plaintiff "is entitled to recover restitution for unjust enrichment, and, if so, in what amount." *Interbank Invs., L.L.C. v. Vail Valley Consol. Water Dist.*, 12 P.3d 1224, 1231–32 (Colo.App.2000)(*Interbank I* ).

On remand, the district argued, among other defenses, that plaintiff could not recover for unjust enrichment because the division's opinion recognized a valid express contract covering reimbursement of the water system construction expenses. The trial court found the district had been unjustly enriched and awarded plaintiff $234,481.80 plus interest, representing tap fees collected less certain costs. The court did not address the district's express contract argument.

## I.

The district first argues the trial court erred because plaintiff's unjust enrichment claim was precluded by enforceable express contracts covering the same subject matter. We agree.

■ A party who has been unjustly enriched generally must make restitution to the other party by returning that party to the position it previously occupied. *Salzman v. Bachrach*, 996 P.2d 1263 (Colo.2000)(quoting Restatement of Restitution § 3 (1937)).

■ Unjust enrichment does not depend on the existence of an express or implied-in-fact contract. *Cablevision of Breckenridge, Inc. v. Tannhauser Condo. Ass'n*, 649 P.2d 1093 (Colo.1982). Instead, courts may imply a contract in law, often termed a quasi-contract, and allow recovery to serve the "law of natural immutable justice and equity." *See DCB Constr. Co. v. Central City Dev. Co.*, 965 P.2d 115, 119 (Colo.1998), *aff'g* 940 P.2d 958, 962 (Colo.App.1996)(quoting *Valley Realty & Inv. Co. v. McMillan*, 160 Colo. 109, 112, 414 P.2d 486, 488 (1966)).

■ In general, a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract. *Printz Servs. Corp. v. Main Elec., Ltd.*, 949 P.2d 77 (Colo.App.1997), *aff'd in part and rev'd in part*, 980 P.2d 522 (Colo. 1999); *Stanford v. Ronald H. Mayer Real Estate, Inc.*, 849 P.2d 921 (Colo.App.1993). However, this principle recognizes two exceptions.

■ First, a party can recover on a quasi-contract when the implied-in-law contract covers conduct outside the express contract or matters arising subsequent to the express contract. *Scott Co. v. MK–Ferguson Co.*, 832 P.2d 1000 (Colo.App.1991).

■ Second, a party can recover on a quasi-contract when the party "will have no right under an enforceable contract." *Backus v. Apishapa Land & Cattle Co.*, 44 Colo. App. 59, 62, 615 P.2d 42, 44 (1980). For example, quasi-contractual recovery may be allowed when an express contract failed or was rescinded. *See Dudding v. Norton Frickey & Assocs.*, 11 P.3d 441 (Colo.2000); *Alien, Inc. v. Futterman*, 924 P.2d 1063 (Colo.App.1995).

■ Resolution of this issue presents a mixed question of law and fact. The existence of an express contract is a question of fact. *Beach v. Beach*, 56 P.3d 1125 (Colo. App.2002). Application of the rule that an express contract supersedes a quasi-contract covering the same subject is a question of law. *Scott Co. v. MK–Ferguson Co., supra.*

### A.

Initially, we agree with the district that plaintiff's claim of unjust enrichment, which "is a legal claim in quasi-contract for money damages based upon principles of restitution," *DCB Constr. Co. v. Central City Dev. Co., supra*, 965 P.2d at 118, covers conduct within the scope of the predecessors' express contracts.

The *Interbank I* division's conclusions that the contract claims were not barred by the statute of limitations and that the contracts, which had not been materially breached by plaintiff or its predecessors, entitled plaintiff to nominal damages show that the contracts are enforceable.

■ Nevertheless, plaintiff asserts that the collection of tap fees arose subsequent to the express contracts and that the failure to pay any portion of those fees was unexpected. However, the contracts contemplated payment from tap fees to be collected over time, and the risk of nonpayment inheres in these as well as in most other contracts. Indeed, the trial court calculated unjust enrichment based on the contracts' reimbursement formula of tap fees collected less certain costs.

Accordingly, we conclude that enforceable express contracts cover the same subject matter as plaintiff's unjust enrichment claim.

### B.

Nonetheless, plaintiff argues that the *Interbank I* division resolved the preclusion issue in its favor by concluding that it was entitled to nominal damages on its contract claims, but then remanding "to determine whether plaintiff should recover restitution for unjust enrichment in lieu of the nominal damage awards." *Interbank I, supra*, 12 P.3d at 1232. We are not persuaded.

■ Conclusions of an appellate court, and rulings logically necessary to those conclusions, become the law of the case and generally must be followed in later proceedings. *In re Marriage of Burford*, 26 P.3d 550 (Colo.App.2001). However, the law of the case doctrine recognizes limited exceptions to one division of this court being bound

by the decision of another division in an earlier appeal. *Vashone–Caruso v. Suthers*, 29 P.3d 339 (Colo.App.2001).

The *Interbank I* division's opinion did not address the principle that an express contract precludes an implied-in-law contract on the same subject matter. The parties' briefs in the prior appeal did not raise this principle. Thus, we cannot conclude that the division's remand expressly resolved the conflict between the breach of contract and unjust enrichment claims, once both claims were resurrected on appeal.

Nor is an implicit determination that plaintiff's unjust enrichment claim survives the enforceable contracts logically necessary to the division's direction that on remand the trial court consider whether plaintiff could recover restitution for unjust enrichment. The division did not conclude that either the express contracts covered the same subject matter as the unjust enrichment claim or an award for unjust enrichment must be granted. And, the trial court had not addressed whether the contracts covered the same subject matter as the unjust enrichment claim.

*E.H. Boly & Son, Inc. v. Schneider*, 525 F.2d 20 (9th Cir.1975), cited by the division in explaining the remand, only holds that damages and restitution can be pleaded in the alternative. Alternative pleading, however, does not limit the principle that an express contract precludes an implied contract on the same subject matter.

In *Backus v. Apishapa Land & Cattle Co., supra*, the division recognized that the plaintiff could proceed alternatively on a claim for unjust enrichment, but explained, "[I]f [the plaintiff's] assignment claim fails, he will have no right under an enforceable contract. Under such circumstances, [the plaintiff] may be able to recover for unjust enrichment." *Backus v. Apishapa Land & Cattle Co., supra*, 44 Colo.App. at 62, 615 P.2d at 44. These circumstances do not pertain here.

■ Accordingly, we conclude that the *Interbank I* division did not decide whether availability of nominal damages under the express contracts precludes relief for unjust enrichment.

## C.

We also reject plaintiff's contention that the trial court's restitution award was correct because recovery of only nominal damages under the express contracts would leave the district unjustly enriched.

Plaintiff mistakenly analyzes its inability to recover more than nominal damages for breach of enforceable contracts under the rationale of unjust enrichment cases discussing *un* enforceable contracts. *See, e.g., Dudding v. Norton Frickey & Assocs., supra. See generally* Dan B. Dobbs, *Law of Remedies* § 4.1(1), at 552 (2d ed.1993).

Here, the division concluded the contracts were enforceable, but upheld the trial court's finding that "plaintiff failed to prove the amount of its damages by a preponderance of the evidence," noting "unexplained apportionments" of the developer's costs to construct the water system, lack of invoices from which those costs could be determined, and noncompliance with the "contractual requirement to provide precise construction documents." *Interbank I, supra,* 12 P.3d at 1231. Thus, the remedy in the express contracts— recoupment of construction costs to the extent of tap fees collected—did not fail of its essential purpose because of circumstances beyond the control of plaintiff.

Plaintiff cites no Colorado case supporting its assertion that an express contract fails to preclude a quasi-contract on the same subject matter merely because only nominal damages are recoverable on the express contract. Plaintiff cites *United Coastal Industries, Inc. v. Clearheart Constr. Co.,* 71 Conn. App. 506, 802 A.2d 901 (2002), and *Staffing America v. Titan Distribution Services, Inc.,* (Ohio Ct.App. No. C–990679, Sept. 29, 2000)(not officially published)(2000 WL 1434172), to support this argument. We find them inapposite.

In *United Coastal Industries,* the court allowed a subcontractor who breached its contract with the general contractor, and therefore had no remedy under that contract, to recover on the basis that the general contractor had been unjustly enriched by the subcontractor's partial performance. The court explained that unjust enrichment "applies when no remedy is available based on the contract." *United Coastal Indus., supra,* 71 Conn.App. at 512, 802 A.2d at 906.

■ Here, in contrast, the division agreed with the trial court that plaintiff had not materially breached the contracts, held that the contract claim was timely, and concluded that plaintiff was entitled to the remedy of nominal damages. Proof of actual damages is not an essential element of a breach of contract claim. When a plaintiff establishes breach, but does not prove actual damages, the plaintiff is entitled to nominal damages. *Overland Dev. Co. v. Marston Slopes Dev. Co.,* 773 P.2d 1112 (Colo.App. 1989).

In *Staffing America,* the court did not address preclusion of a quasi-contract claim by an express contract covering the same subject matter. The court's paraphrase of Dobbs, *Handbook on the Law of Remedies* (1973)("Even if the plaintiff cannot prove the amount of damages with sufficient certainty for relief on the contract, such failure does not preclude alternative relief under a theory of restitution or unjust enrichment."), emphasized by plaintiff, was at most dictum. *Cf. BTA Oil Producers v. MDU Res. Group, Inc.,* 642 N.W.2d 873, 885 (N.D.2002)("Dobbs is addressing restitution as an element of damages for *breach of contract,* not the separate equitable remedy for unjust enrichment based upon quasi-contract.").

We have found no case reconciling this tension between allowing recovery for unjust enrichment when the parties' express contract is unenforceable, but denying that recovery under otherwise similar circumstances because the parties' express contract is enforceable, but only nominal damages are recoverable. Indeed, we recognize that under both circumstances, retention of the benefit may seem equally unjust.

■ However, we conclude permitting quasi-contractual recovery under the circumstances of this case would inappropriately allow implied-in-law contracts to encroach on express contracts. If the threshold for judicial implication of a quasi-contract became the adequacy of the remedy under an express contract, rather than the enforceability

of that contract, the outcome would be determinable only on a case-by-case basis, after all of the evidence had been presented, and without either predictability or precise standards. *Cf. Town of Alma v. Azco Constr., Inc.,* 10 P.3d 1256 (Colo.2000)(economic loss rule promotes the predictability of contracts by allowing the parties to allocate loss and risk and decrease their uncertainty on future liability). Moreover, failure to prove actual damages could become a litigation tactic available when a party perceives that unjust enrichment might be more favorable than the remedy provided by an express contract.

We also reject plaintiff's argument that *Scott Co. v. MK–Ferguson, Co., supra,* permits an election between breach of express contract and unjust enrichment. There, after explaining that the parties' express contract covered the bases for the promissory estoppel and other claims, the division concluded that the trial court erred in allowing the plaintiff to proceed on theories other than breach of contract. Thus, we discern no endorsement of the election for which plaintiff argues.

Hence, we adhere to the previous Colorado cases holding that an express contract precludes a quasi-contract on the same subject, although here only nominal damages are available under the express contract.

Accordingly, we conclude the trial court erred in awarding plaintiff restitution for unjust enrichment.

## II.

In light of our conclusion that the trial court erred in entering its unjust enrichment award, we need not consider the district's alternative arguments. *See Smeal v. Oldenettel,* 814 P.2d 904 (Colo.1991).

The judgment is reversed.

Judge DAVIDSON and Judge ROY, concur.