**STEWARD SOFTWARE COMPANY, LLC, Plaintiff–Appellee and Cross–Appellant,**

v.

**Richard KOPCHO, Defendant–Appellant and Cross–Appellee.**

No. 09CA1690.

Colorado Court of Appeals, Div. V.

Sept. 2, 2010.

Jeffrey M. Villanueva, P.C., Jeffrey M. Villanueva, Nicole S. Schram, Denver, Colorado, for Plaintiff–Appellee and Cross–Appellant.

Bell, Boge & Associates, P.C., Gregory S. Bell, Laurie R. Stirman, Fort Collins, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge GABRIEL.

This appeal involves a dispute between cross-appellant, Steward Software Company

(SSC), and appellant, Richard Kopcho, concerning the development of certain software and related marketing materials. As pertinent here, the jury found for SSC and against Kopcho on claims for civil theft, breach of contract, and breach of fiduciary duty. The jury awarded damages on the civil theft claim and nominal damages on the remaining claims. The court also awarded SSC treble damages on its civil theft claim, costs, and prejudgment interest, but denied SSC's motion for attorney fees.

Kopcho now appeals the awards of treble damages, costs, and prejudgment interest. SSC cross-appeals, arguing that the trial court erred in effectively preventing the jury from awarding damages on all three of its claims and in denying its request for attorney fees. We agree with Kopcho that (1) the trial court erred in failing to instruct the jury on certain principles of copyright law, and (2) the absence of a signed contract does not render the economic loss rule inapplicable. We also agree with SSC that (1) the trial court erred in effectively preventing the jury from awarding the same damages on its three claims, and (2) an award of attorney fees to the prevailing plaintiff on a civil theft claim is mandatory. We are unpersuaded, however, by the parties' remaining arguments. Accordingly, we affirm in part, reverse in part, vacate in part, and remand for a new trial on SSC's civil theft claim and on damages.

## I. Background

In approximately June 2006, SSC hired Kopcho's company, System II Enterprises, LLC, d/b/a Holonyx, to help it market a computer program that it had conceived to assist the banking industry with tracking assets. At that time, the parties signed a nondisclosure agreement. This agreement stated that Kopcho's company did not acquire intellectual property rights under the agreement, except for the limited right to use the confidential information received to develop a marketing plan for the ideas and concepts to be disclosed. Although the parties never signed a written contract for the agreed upon marketing work, Kopcho began performing and SSC began paying for that work.

Later that year, on Kopcho's recommendation, SSC hired a software development company called Ruffdogs, Inc. to undertake the development of the software itself. Again, no written agreement was signed. Shortly thereafter, unbeknownst to SSC, Kopcho purchased Ruffdogs. He then formed a new corporation named Holonyx, Inc. (Holonyx) and rolled his various entities, including Ruffdogs, into it. Despite some concerns regarding the new relationship between Holonyx and Ruffdogs, SSC proceeded with Ruffdogs as its software developer.

In early 2007, the preliminary version of the software was completed. According to Kopcho, however, SSC continued to request a significant number of modifications to the program. These modifications took a great deal of time and increased the costs of the project.

Thereafter, the relationship between the parties began to sour. At that time, SSC informed Kopcho that it would withhold payment until it received certain portions of the program. Although Kopcho initially responded that he understood SSC's position, later that same day a Holonyx representative responded that Holonyx had reassigned all resources that had been allocated to SSC's project to other projects. Holonyx then registered the copyright for the software program in the name of Ruffdogs Software, Inc.

SSC sued Holonyx and Kopcho for, among other things, breach of contract, breach of fiduciary duty, and conversion and theft. SSC also initially asserted a claim for replevin. Shortly after the suit was filed, Kopcho and Holonyx filed a response to SSC's replevin claim. In this response, they claimed that Holonyx was the author and copyright holder of the software program. The parties proceeded to litigate the replevin claim, and in the course of those proceedings, SSC asserted certain copyright interests. Holonyx and Kopcho then removed the case to federal court, arguing that the federal court had exclusive jurisdiction over such copyright claims.

After briefing by the parties, the federal court remanded the case to the state district court. In its remand order, the court held that it lacked jurisdiction because SSC's complaint itself did not raise a federal copyright question.

After the case was remanded, Holonyx and Kopcho filed an answer asserting several affirmative defenses, including that they owned the software at issue. They also filed a counterclaim against SSC for breach of contract.

As the case approached trial, the parties submitted proposed jury instructions. The instructions submitted by Holonyx and Kopcho included instructions related to copyright law. The trial court directed the parties to submit briefs concerning the applicability of copyright law in this case and ultimately held that copyright law was inapplicable. This ruling effectively precluded Holonyx from pursuing a copyright ownership defense.

The case was then tried to a jury, and, as pertinent here, the jury found in favor of SSC and against Kopcho on its claims for civil theft, breach of contract, and breach of fiduciary duty. The jury awarded SSC $168,025 against Kopcho on the civil theft claim and nominal damages against him on the remaining claims. The court then entered orders trebling the civil theft damages pursuant to section 18-4-405, C.R.S.2009, and awarding prejudgment interest and costs. The court, however, denied SSC's request for attorney fees.

Kopcho now appeals, and SSC cross-appeals.

## II. Kopcho's Appeal

Kopcho contends that the trial court erred in (1) refusing to instruct the jury regarding principles of copyright law, which he contends were necessary to allow the jury to determine ownership for purposes of civil theft; (2) refusing to instruct the jury on the economic loss rule, which he claims applied to SSC's civil theft claim; (3) refusing to give his proffered instructions regarding ownership of the property at issue; and (4) giving a single civil theft instruction that addressed his and Holonyx's liability together. We agree with Kopcho's first two contentions but reject the others.

### A. Standard of Review

■ We review the trial court's rejection of a tendered jury instruction for an abuse of discretion. *Kendrick v. Pippin,* 222 P.3d 380, 385 (Colo.App.2009) (*cert. granted in part* 2010 WL 60114, Jan. 11, 2010). We will not conclude that the trial court abused its discretion unless its decision was manifestly arbitrary, unreasonable, or unfair. *Id.* at 384. A trial court necessarily abuses its discretion, however, when it bases its ruling on an erroneous view of the law. *People v. Wadle,* 97 P.3d 932, 936 (Colo.2004).

### B. Copyright Instruction

■ Kopcho argues that, as the author of the computer program at issue, Holonyx owned the program under federal copyright law. He further asserts that Holonyx's copyright ownership provided him with a complete defense to SSC's theft claim, because to find for SSC on that claim, the jury had to find that Kopcho had exercised control over property belonging to SSC and SSC did not own the property. In light of the foregoing, Kopcho contends that the trial court erred in refusing to instruct the jury regarding principles of copyright ownership.

SSC responds that (1) Kopcho and Holonyx possessed no copyrightable interest in the program because it was SSC's concept, (2) SSC's concept constituted a trade secret belonging to SSC, and (3) Kopcho and Holonyx had merely developed the trade secret. SSC further argues that the trial court correctly refused to instruct on copyright ownership based on the law of the case doctrine. Specifically, SSC claims that the federal court had previously determined that copyright law was inapplicable in this case. We disagree with SSC and agree with Kopcho that an instruction on copyright ownership should have been given.

■■ To prevail on a claim for civil theft, a plaintiff must prove that the defendant committed theft, robbery, or burglary. *Itin v. Ungar,* 17 P.3d 129, 133 (Colo.2000). To prove theft, a plaintiff must show that the

defendant knowingly obtained or exercised control over anything of value of the plaintiff without authorization and with the intent to deprive the plaintiff of the use or benefit of that item permanently. § 18–4–401(1), C.R.S. 2009; *Itin*, 17 P.3d at 134. Thus, if a defendant can prove that he or she, rather than the plaintiff, owned the item allegedly stolen, then he or she would have a complete defense to the claim of civil theft. *See Jenkins v. State*, 898 So.2d 1134, 1135 (Fla.Dist.Ct. App.2005).

In its complaint, SSC defined the "Property" allegedly stolen by Kopcho and Holonyx to include the intellectual property rights associated with the software, as well as the promotional materials produced in conjunction with it. Specifically, it contended that SSC was:

> the owner of the software as well as the website and domain name known as PassIT.com, the domain name known as go-passIT.com, the domain name known as StewardSW.com, the source code, the object code, all software documentation, the video, logos, brochures and other materials for which it [had] paid and the associated intellectual property rights.

■ Intellectual property rights include, among other things, such intangible property as copyrights, trademarks, patents, and trade secrets. *See Black's Law Dictionary* 881 (9th ed. 2009). As pertinent here, copyright law protects a computer program's source and object codes, as well as other elements of "the author's original expression," as opposed to the ideas embodied in that expression. *Gates Rubber Co. v. Bando Chemical Industries, Ltd.*, 9 F.3d 823, 836 (10th Cir.1993). Trade secrets refer to scientific or technical information, designs, processes, procedures, formulas, or improvements that are secret and of value. *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir.2003); *see also Southern Mississippi Planning & Dev. Dist., Inc. v. Robertson*, 660 F.Supp. 1057, 1061 (S.D.Miss.1986) ("Copyright protection extends not to an idea itself but rather to the particular expression used by its author. In contrast, the protection provided by the common law of trade secret misappropriation extends to the very ideas of the author, subject, of course, to the requirement that the idea has some originality and is as of yet undisclosed or disclosed only on the basis of confidentiality.").

SSC's civil theft case was focused on its assertion that Holonyx and Kopcho stole, among other things, software belonging to SSC. Neither SSC's complaint nor its evidence or argument at trial, however, made clear whether SSC was contending that Holonyx and Kopcho stole tangible property, trade secrets, copyrights, or any combination of them. Nor do the jury's verdicts allow us to discern, without speculation, the precise property or property rights that the jury found Kopcho to have stolen.

Notwithstanding the foregoing, SSC suggests that this case involved solely the theft of trade secrets and other non-copyright interests and that the civil theft claim proceeded without reference to copyright law. We are not persuaded.

As to SSC's first point, assuming without deciding that the jury determined that trade secrets were misappropriated, we are unable to conclude on the current record that the jury did not also conclude that certain of SSC's copyright interests were stolen. This is particularly true here, where both parties referenced copyright issues during the trial.

As to SSC's assertion that the civil theft claim could have proceeded without reference to copyright law, although that might be theoretically true, based on SSC's pleadings in this case and the evidence presented at trial, we cannot conclude that the civil theft claim *actually* proceeded independent of any copyright interests. As noted above, SSC alleged that Kopcho stole object code and source code, which are copyrightable. *See Gates Rubber Co.*, 9 F.3d at 836. In addition, SSC's counsel conceded at oral argument that SSC was, at least in part, pursuing such a claim.

The question thus becomes whether Kopcho was entitled to his requested instruction on copyright ownership. On the facts of this case, we conclude that he was.

■ Pursuant to the United States Copyright Act of 1976, ownership of a copyright "vests initially in the author or authors of the

work." 17 U.S.C. § 201(a) (2006). Generally, the author is "the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Community for Creative Non–Violence v. Reid*, 490 U.S. 730, 737, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989). The Copyright Act, however, creates an exception to this rule for "works made for hire." 17 U.S.C. § 201(b) (2006).

In pertinent part, the Copyright Act defines a work made for hire as:

(1) a work prepared by an employee within the scope of his or her employment; or

(2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, *if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire.*

17 U.S.C. § 101 (2006) (emphasis added).

■ In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author and owns all of the rights comprised in copyright. 17 U.S.C. § 201(b).

Application of these principles here reveals a significant factual question as to who owned the copyrights in the software. The jury, however, was given no guidance as to how to determine that issue. Because (1) part of SSC's theft claim related to copyright interests, (2) some evidence at trial suggested that Kopcho stole certain of SSC's copyright interests, and (3) other evidence supported Kopcho's claim that Holonyx owned the copyrights in the software at issue, we conclude that it was error for the court to refuse to instruct the jury on copyright ownership. *Taylor v. Regents of Univ. of Colorado*, 179 P.3d 246, 248 (Colo.App.2007) ("The trial court has substantial discretion in formulating jury instructions so long as they include correct statements of the law and fairly and adequately cover the issues presented."). We express no opinion, however,

on the merits of the copyright ownership issue.

In concluding that Kopcho was entitled to have the jury instructed on certain copyright principles, we reject SSC's assertions that the federal court's remand order established that copyright law is inapplicable in this case and that that order is binding here under the law of the case doctrine. Contrary to SSC's first assertion, the federal court did not hold that copyright law was inapplicable. Rather, it merely stated that it had no jurisdiction over this case because SSC's complaint itself did not raise a federal copyright question. Specifically, quoting *Nielsen v. Archdiocese of Denver*, 413 F.Supp.2d 1181, 1183 (D.Colo.2006), the federal court stated, "It is now axiomatic that jurisdiction cannot be predicated upon a defense that raises a federal question, no matter that the issue might prove to be dispositive." Accordingly, far from holding that copyright law was inapplicable, the federal court seemed to acknowledge that Kopcho's defense raised a copyright issue. That defense, however, was insufficient to establish federal jurisdiction.

### C. Economic Loss Rule Instruction

■ Kopcho next argues that the trial court erred in refusing to instruct the jury on the economic loss rule. He contends that, because the essence of SSC's claims arose out of the agreement between the parties, and because all of the losses alleged were economic losses, SSC could recover only for breach of contract. SSC counters that the economic loss rule does not apply here because no contract was ever signed by the parties. We address this issue to provide guidance for the trial court on remand. We reject SSC's contention that the absence of a written contract renders the economic loss rule inapplicable. We leave for the trial court in the first instance, however, the appropriate manner by which to consider Kopcho's economic loss rule defense.

■ The Colorado Supreme Court adopted the economic loss rule in *Town of Alma v. AZCO Construction, Inc.*, 10 P.3d 1256, 1264 (Colo.2000). In that case, the court held that "a party suffering only economic loss from the breach of an express or

implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Id.* An independent duty exists only if the duty arises from a source other than the relevant contract, and if the duty is not also imposed by the contract. *Makoto USA, Inc. v. Russell*, 250 P.3d 625, 627 (Colo.App.2009). Thus, if a duty is also memorialized in a contract between the parties, then the plaintiff has not shown a duty independent of the contract, and the economic loss rule will bar the tort claim. *Id.* at 627–28 (civil theft claim barred by economic loss rule where the plaintiff's contract and theft claims were inextricably linked and where the theft claim could not have been proved without first proving that the defendants breached their contract with the plaintiff).

Here, SSC argues that because there was no signed contract between the parties, the economic loss rule cannot be applied. We reject this contention.

■ SSC sued Kopcho for breach of contract, specifically alleging that there was a contract between the parties pursuant to which Kopcho and Holonyx were to develop software and marketing materials for SSC. Kopcho then filed a counterclaim alleging breach of the same contract. The economic loss rule applies to oral contracts as well as written ones. *See C.S.I.R. Enterprises, Inc. v. Sebrite Agency, Inc.*, 214 F.Supp.2d 1276, 1289 (M.D.Fla.2002) ("[T]he Court finds that there was an oral agreement between the parties and that this is sufficient to apply the economic loss rule."); *see also Grynberg v. Agri Tech, Inc.*, 10 P.3d 1267, 1269–70 (Colo. 2000) (economic loss rule applied where no duties independent from the oral and written contracts between the parties were breached). Accordingly, contrary to SSC's assertion, the absence of a written contract does not bar the application of the economic loss rule in this case.

■ The question thus becomes whether Kopcho was entitled to a jury instruction on its economic loss rule defense. As a division of this court has held, whether the economic loss rule precludes a particular claim is a legal issue subject to de novo appellate review. *Makoto USA, Inc.*, 250 P.3d at 627.

This holding raises a question as to whether submitting an economic loss rule defense to a jury is appropriate, and, if so, how that is to be done. None of the parties, however, has addressed that question on appeal. Accordingly, although we reject SSC's view that the absence of a written contract precludes application of the economic loss rule, we express no opinion as to whether the economic loss rule is necessarily a matter for the jury, or whether, on the particular facts presented, the issue could be resolved by the court on a proper pretrial motion. Nor do we express any opinion on the form of the instruction that Kopcho previously tendered.

### D. Ownership Instruction

■ Kopcho next asserts that the trial court erred in refusing to give two additional instructions that he requested regarding ownership of the property at issue. We address this argument because it is likely to arise again on remand, and we reject it.

■ A trial court is required to instruct the jury correctly on the law applicable to the case. *Krueger v. Ary*, 205 P.3d 1150, 1157 (Colo.2009). As long as this obligation is met, however, a trial court maintains broad discretion over the instructions' form and style. *Id.* "For example, a civil litigant is entitled to a jury instruction on the theory of her case as long as she has offered evidence to support the theory. Yet the trial court need not offer the litigant's tendered instructions if the other instructions encompass the litigant's theory." *Id.* (citation omitted).

Here, Kopcho's tendered instructions were restatements of the "ownership" element of the claim of civil theft. The first proffered instruction advised the jury that to find Kopcho liable for civil theft, it was required to find that the property at issue was owned by SSC. The second rephrased the instruction in the form of an affirmative defense, stating that if the jury found that Kopcho and his companies were the owners of the property, then SSC's claims were barred. Both of these instructions, however, were encompassed within the elemental civil theft instruction given to the jury. Accordingly, the

trial court acted well within its discretion in refusing them.

### E. Individual Liability of Kopcho

Finally, Kopcho argues that the trial court erred in giving the jury a single civil theft instruction that addressed his individual liability and that of Holonyx jointly. Because the retrial will involve only Kopcho, we need not address this issue.

■ Related to the question of Kopcho's liability, however, we note that, in his reply brief, Kopcho argues that there was insufficient evidence to support piercing the corporate veil and therefore, the judgment against him cannot stand. Because Kopcho did not raise this issue in his opening brief, we will not consider it. *See Hamilton v. Noble Energy, Inc.,* 220 P.3d 1010, 1014 (Colo.App. 2009) (refusing to address arguments made for the first time in a reply brief). In any event, on retrial, SSC will be required to prove Kopcho's individual liability.

### III. SSC's Cross–Appeal

#### A. Damages Issues

■ SSC first argues that the court erred in effectively preventing the jury from awarding the same damages on all three of its claims and, as a result, a new trial on damages is required. We agree.

■ As an initial matter, we note that Kopcho does not assert that SSC's objection to the pattern multiple recovery instruction given to the jury failed to preserve the argument that SSC raises on appeal. Accordingly, we consider SSC's objection to have adequately preserved the issue on appeal, and it frames the scope of our review. We review jury instructions de novo to determine whether the instructions as a whole accurately informed the jury of the governing law. *People v. Reeves,* 252 P.3d 1137, 1139 (Colo. App.2010). Where an objection is properly preserved, we review the jury instruction at issue for harmless error. *Id.*

Here, the trial court proposed instructing the jury, in pertinent part, as follows:

The plaintiff, Steward Software Company, has sued for the same damages on three different claims for relief. The claims for relief on which the plaintiff has sued and on which you have been instructed are: civil theft, breach of contract, breach of fiduciary duty.

If you find for the plaintiff on more than one claim for relief, you may award the plaintiff damages only once for the same damages.

During the jury instruction conference, SSC objected to this instruction, arguing, as it does here, that the instruction improperly prevented the jury from awarding the same damages on all three of SSC's claims. SSC asserted that it was seeking the same damages on all three of its claims and that the instruction effectively required an election of remedies, namely, by forcing the jury to award damages on only one of SSC's claims, even though SSC was seeking the same damages on all three of its claims. Recognizing the concern for a judgment awarding duplicative damages, SSC noted its willingness to stipulate to a remittitur, to avoid any such duplicative judgments.

The court overruled SSC's objection, concluding that the instruction at issue was the pattern instruction set forth in CJI–Civ. 4th 6:14 (2009) and that the notes to that instruction required that it be given. *See id.* at note 1 ("This instruction applies only to multiple claims which are duplicative in terms of their recoverable damages. The court should instruct the jury on each claim for relief, provided there is sufficient evidence on each such theory in the case. In such circumstances, however, this instruction must be given."). The court further noted that "ultimately, the plaintiff has to make a tactical decision whether to go forward on all claims or not." This statement by the court effectively told SSC that its position on the meaning of the instruction was correct when, in fact, SSC could have argued for an award of the same damages, if proven, on all three of its claims.

On the facts of this case, we conclude that the court erroneously prevented the jury from awarding the same damages on all three of SSC's claims.

■ We review jury instructions de novo to determine whether they accurately inform the jury of the governing law. *People v. Oram,* 217 P.3d 883, 893 (Colo.App.2009) (*cert. granted* Oct. 13, 2009). When a party asserts instructional error, we must review the jury instructions as a whole in order to determine whether the jury was properly instructed. *Meier v. McCoy,* 119 P.3d 519, 524 (Colo.App.2004) ("When reviewing the propriety of an instruction, we must consider the instructions as a whole and determine whether they properly instructed the jury."). It is error for a court to present a jury with contradictory instructions. *Arnett v. Huggins,* 18 Colo.App. 115, 117, 70 P. 765, 766 (1902) ("It is impossible to determine which one of the rules laid down for the measure of damages the jury adopted. If any one of the rules so announced were correct,—which we do not hold,—the conflict between them would necessitate a reversal."); *Harper v. James,* 246 Ind. 131, 203 N.E.2d 531, 533–34 (1965) (after noting that error in one instruction cannot be rendered harmless by the mere giving of other instructions that state the law correctly, the court states, " 'It is an elementary principle of procedure that the court cannot by contradictory instructions leave to the jury the duty of determining which of the two lines of instructions shall be followed, or what rule of law shall control the case. The law must come from the court, and be so declared that the jury can follow it without confusion.' ") (quoting *Fowler v. Wallace,* 131 Ind. 347, 31 N.E. 53, 55 (1892)).

■ Finally, it is error for a court to instruct the jury in a manner that invites confusion. *See States v. R.D. Werner Co.,* 799 P.2d 427, 430 (Colo.App.1990).

Here, we do not conclude that pattern instruction 6:14, standing alone, was erroneous. We conclude, however, that when read together with the other instructions, the verdict forms, and the court's statement as to how SSC would have to proceed, and in the absence of clarifying instructions or appropriate special verdict forms, the instructions as a whole erroneously prevented the jury from awarding the same damages on all three of SSC's claims.

Pattern instruction 6:14 and its accompanying notes make clear that when a plaintiff is seeking the same damages on multiple theories, the jury must be instructed on each claim and, if it finds liability, should award damages one time on the successful claims. *See* CJI–Civ. 6:14 & note 1. This would avoid the possibility of inconsistent verdicts on damages. Thus, in a case like this one, where a jury finds liability on multiple claims, the jury must be directed to award the same damages on all three claims if the damages are proven as to those claims. That, however, is not what occurred here. Rather, as SSC contends, pattern instruction 6:14, particularly when read in conjunction with the nominal damages instruction and verdict forms given to the jury, led the jury to believe that it could award damages on only one of SSC's claims, even if it found the same damages on all three claims. The record makes clear that SSC's counsel so understood the court's ruling as to what the jury could do, and this understanding was supported by the court's own statement that "the plaintiff has to make a tactical decision whether to go forward on all claims or not." We conclude that, under these circumstances, the failure of the court to give clarifying instructions or to use a special verdict form with appropriate interrogatories resulted in the jury's being prevented from awarding the same damages on all three of SSC's claims, subject to the entry of judgment only once for the same damages. This was error.

■ The question thus becomes what remedy we should employ here. SSC claims that a new trial on damages is required. Kopcho disagrees. After acknowledging SSC's concern that were the civil theft verdict to be reversed, SSC would be left with only nominal damages, Kopcho argues that we have the power to remand the matter and could fashion an appropriate remedy, short of ordering a new trial on damages. Although Kopcho does not explain this assertion, he appears to be suggesting that we can rely on the damages already found by the jury, presumably because all parties conceded at trial and again on appeal that the damages sought were the same for each claim.

In the particular circumstances of this case, we agree that a new trial on damages is required. Specifically, on the current record, we are unable to discern why the jury awarded only nominal damages on SSC's breach of contract and breach of fiduciary duty claims. On the one hand, the jury may have found that SSC's damages were identical for all three claims, and, following the instructions it was given, awarded $168,025 only once. On the other hand, the jury, again following the instructions it was given, may have concluded that SSC had failed to prove damages on its breach of contract and breach of fiduciary duty claims, thus warranting awards of only nominal damages on those claims.

Because we are unable to discern from the record, without speculation, the basis for the jury's damages awards on SSC's contract and fiduciary breach claims, we vacate those awards and remand for a new trial solely on the damages to be awarded on those claims. *See Pettingell v. Moede,* 129 Colo. 484, 496, 271 P.2d 1038, 1045 (1954) (stating, in dicta, "Where it is impossible to determine which line of reasoning a jury adopted, it ... is improper to speculate that it selected the correct theory and disregarded a wrong one.").

## B. Attorney Fees

■■■ SSC next argues that the trial court erred in denying its request for attorney fees because an award of fees to a prevailing plaintiff under the civil theft statute is mandatory. § 18–4–405, C.R.S.2009. Because this issue may well arise again on remand, we proceed to address it, and as an apparent matter of first impression in Colorado, we hold that an award of attorney fees to a prevailing plaintiff on a civil theft claim is mandatory. Accordingly, should SSC prevail on its civil theft claim on remand, it would be entitled to recover its reasonable fees, including fees incurred in this appeal allocable to the issues on which it prevailed.

The civil theft statute provides, in relevant part, "In any such action, the owner [of the stolen property] may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees...." *Id.*

Although no Colorado appellate court appears to have addressed whether an award of fees is mandatory pursuant to section 18–4–405, several federal courts have addressed whether the trebling of damages is mandatory. Because the statute phrases both the right to treble damages and the right to attorney fees in terms of what a party "may" recover, the treble damages cases are instructive.

In *In re Powell,* 2008 WL 4489179, at *4 (D.Colo.2008) (unpublished order), and *In re Krupka,* 317 B.R. 432, 439 (Bankr.D.Colo. 2004), the courts held that the language "may recover ... three times the amount of the actual damages sustained" was mandatory, not permissive. As the *Krupka* court observed, the statute neither says that a court *shall* award treble damages or that it *may* do so. *Krupka,* 317 B.R. at 439. The statute speaks in terms of what the plaintiff *may recover,* rather than what the court *may award,* thereby indicating a lack of discretion vested in the trial court. *Powell,* 2008 WL 4489179, at *4; *Krupka,* 317 B.R. at 439.

This interpretation is fully consistent with *Itin,* 17 P.3d at 133–34, which suggests that treble damages are to be awarded following proof that the offense has been committed. *See also A–1 Auto Repair & Detail, Inc. v. Bilunas–Hardy,* 93 P.3d 598, 604 (Colo.App. 2004) (to be awarded treble damages, attorney fees, and costs, a plaintiff need only prove that the defendant committed acts constituting one of the statutory crimes of theft).

In addition, the treble damages language is the only provision in the statute concerning a plaintiff's right to recover damages. "It would certainly be odd for a [court] to decline to impose damages once it has been determined that the plaintiff suffered pecuniary loss as a result of a listed violation by the defendant." *Kolupar v. Wilde Pontiac Cadillac, Inc.,* 275 Wis.2d 1, 683 N.W.2d 58, 65 (2004).

In our view, for several reasons, the same interpretation should apply to awards of fees.

First, the statute provides for costs and attorney fees in the same sentence as its

provision for treble damages, and the same language is used for both. It is axiomatic that terms in a statute should be construed consistently. *Dillard v. Industrial Claim Appeals Office*, 121 P.3d 301, 303 (Colo.App. 2005) ("[W]e read and consider the statutory scheme as a whole to give a consistent, harmonious, and sensible effect to all its parts."), *aff'd*, 134 P.3d 407 (Colo.2006); *see also Pepitone v. Winn*, 272 Neb. 443, 722 N.W.2d 710, 714 (2006) ("Damages is an element that is commonly understood not to be at the court's discretion to grant, once the injury and a plaintiff's legal entitlement to damages have been shown. It can be inferred that 'attorney's fees,' where they share in the same position as 'damages,' are likewise not at the court's discretion to grant, when proved.").

Second, the placement of the civil theft statute in the criminal code and its allowance of treble damages suggest that it was intended to serve primarily a punitive, rather than a remedial, purpose. *In re Marriage of Allen*, 724 P.2d 651, 656 (Colo.1986). In our view, this purpose is also served by requiring the defendant to pay attorney fees and costs if he or she is found to have committed theft against the plaintiff.

Accordingly, we hold that if, on remand, the jury finds for SSC on its civil theft claim, then an award of reasonable attorney fees to SSC would be mandatory.

## IV. Remand

For the reasons discussed above, we reverse the judgment in favor of SSC and against Kopcho on SSC's civil theft claim and remand for a new trial on that claim. Because Kopcho's request for a new trial did not distinguish between liability and damages, we need not consider whether the new trial should be limited to liability and remand for a new trial on both liability and damages. We also vacate the damages awards on SSC's breach of contract and breach of fiduciary duty claims and remand for a new trial on damages concerning those claims. In light of the foregoing disposition, we also vacate the awards of costs and prejudgment interest to SSC. In all other respects, the judgment is affirmed.

To avoid confusion in the event of further appellate review, and assuming that on remand SSC will continue to seek the same damages for all three of its claims, the trial court should provide a verdict form directing the jury to determine liability on the civil theft claim, and then to calculate separately a single amount of total damages suffered by SSC on all of its claims. *Cf. Valentin–Almeyda v. Municipality of Aguadilla*, 447 F.3d 85, 102 (1st Cir.2006) ("[T]he primary mechanisms to avoid impermissible duplicate awards for damages are the jury instructions and the structure of the verdict form. 'To the extent that a jury award on both claims would be duplicative, the proper practice is to ensure that the verdict form is structured so as to allow the jury to recompense the plaintiff['s] injuries just once.'") (quoting *Acevedo–Garcia v. Monroig*, 351 F.3d 547, 569 (1st Cir.2003)).

If, after retrial, Kopcho is again found liable on the civil theft claim, then the trial court should enter judgment accordingly and award SSC treble the damages found by the jury, as well as SSC's costs, attorney fees, and prejudgment interest. If, however, the jury finds for Kopcho on SSC's civil theft claim, then the trial court should enter a judgment on the breach of contract and breach of fiduciary duty claims awarding SSC any damages determined by the jury on retrial, plus prejudgment interest. In the event of such a determination, we leave to the trial court in the first instance the question of whether to award costs to either party.

In light of our foregoing determinations, we deny SSC's request for appellate attorney fees.

## V. Conclusion

For these reasons, the judgment is affirmed in part, reversed in part, and vacated in part, and the case is remanded for further proceedings consistent with this opinion.

Judge NIETO * concurs.

Judge WEBB concurs in part and dissents in part.

---

* Sitting by assignment of the Chief Justice under

provisions of Colo. Const. art. VI, § 5(3), and

Judge WEBB concurring in part and dissenting in part.

The following principles preclude me from agreeing to set aside the verdicts awarding nominal damages on the breach of contract and breach of fiduciary duty claims.

- Where, as here, a case presents "multiple claims which are duplicative in terms of their recoverable damages," CJI:Civ 6:14 MULTIPLE RECOVERY PROHIBITED, "must be given." CJI:Civ. 4th 6:14 Notes on Use 1; *see Rusch v. Lincoln–Devore Testing Lab., Inc.*, 698 P.2d 832, 834 (Colo.App.1984).

- In contract breaches and those torts where actual damages are not presumed, the wronged party is entitled to at least nominal damages. *See, e.g., Interbank Investments, LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 818 (Colo.App.2003) (contract); *Sanderson v. Heath Mesa Homeowners Ass'n*, 183 P.3d 679, 683 (Colo.App.2008) (trespass).

- The jury's verdict will not be disturbed if it has any support in the record. *See, e.g., City of Westminster v. Centric–Jones Constructors*, 100 P.3d 472, 486 (Colo.App.2003).

- A reviewing court's duty is to reconcile any inconsistency in the jury's verdict, if at all possible. *Rose v. Colo. Factory Homes*, 10 P.3d 680, 683 (Colo.App. 2000).

Therefore, and with respect, I dissent from that portion of the majority opinion which would allow a new trial on damages as to these two claims.

Initially, I note that SSC does not challenge the verdicts as manifestly against the weight of the evidence. *See, e.g., Nutting v. Northern Energy, Inc.*, 874 P.2d 482, 485 (Colo.App.1994). Instead, it asserts only that the trial court should not have given pattern instruction CJI:Civ. 6:14. But the majority "do[es] not conclude that pattern instruction 6:14, standing alone, was erroneous, [yet concludes] that when read together with the other instructions [and] verdict forms," it was.

§ 24–51–1105, C.R.S.2009.

Like the majority, I discern no error in giving the multiple recovery instruction because during the instruction conference, SSC acknowledged that "[w]e're seeking the same damages on all three claims." And like the majority, I also have serious doubts whether error, if any, in the other instructions and verdict forms is properly before us. Nevertheless, because Kopcho fails to raise the preservation question on appeal, I, too, decline to address it.

The majority finds error by reading "pattern instruction 6:14 . . . in conjunction with the nominal damages instruction and verdict forms." Instruction No. 28 required the jury to award SSC "nominal damages in the amount of one dollar" if it found no actual damages for breach of contract; Instruction No. 31 did the same for breach of fiduciary duty; and the verdict forms each provided a blank for damages.

However, the majority cites no case, nor have I found one in Colorado, finding error because a nominal damages instruction was given on one or more claims in a multi-claim case subject to pattern instruction 6:14. Not giving such an instruction would be contrary to cases holding that nominal damages are a matter of right in actions for contract breach, *Interbank Investments, LLC*, 77 P.3d at 818, and certain torts, including breach of fiduciary duty. *See, e.g., Alloy v. Wills Family Trust*, 179 Md.App. 255, 299, 944 A.2d 1234, 1260 (2008) (collecting cases). Other jurisdictions treat failure to instruct on nominal damages as error. *See, e.g., Schafer v. Southern Ry. Co.*, 266 N.C. 285, 287, 145 S.E.2d 887, 889 (1966) ("[T]he court should have instructed the jury concerning his right to recover nominal damages. . . . This the court failed to do.").

Nevertheless, the majority concludes that, "where a jury finds liability on multiple claims, the jury must be directed to award the same damages on all . . . claims." But it cites no supporting Colorado authority. And such an instruction would preclude the jury from awarding nominal damages on some claims. Doing so would be especially anomalous here because the jury was not instructed

concerning an award of nominal damages on the civil theft claim, as it was on the other two claims. SSC does not argue on appeal that the record precludes the nominal damages award for these two claims.

Finally, even though the instructions as a whole may have been imperfect, I am unpersuaded that the nominal damages awards on the breach of contract and breach of fiduciary duty claims are irreconcilable with the substantial damages awarded for civil theft. "It is the sole province of the jury to fix fair and just damages." *Foster v. Phillips*, 6 P.3d 791, 795 (Colo.App.1999).

Without objection by SSC, the jury was instructed on affirmative defenses, including failure "to avoid, mitigate or minimize their [sic] damages," (Instruction No. 33), and that if this defense were proven by a preponderance of the evidence, "then you must determine the amount of damages caused by the plaintiff's failure to take such reasonable steps. This amount must not be included in your award of damages." (Instruction No. 35)

Based on these instructions, the jury could have determined that SSC failed to mitigate its damages on the breach of contract and breach of fiduciary duty claims, thereby leaving nominal damages as the only possible award on these claims. *Cf. H & H Distributors, Inc. v. BBC Int'l, Inc.*, 812 P.2d 659, 664 (Colo.App.1990) (upholding jury award of $1,353,694.30 on fraud claim but no damages on breach of contract claim against one of the same defendants because "the two theories of recovery are separate and distinct, and the jury was so instructed").

Although the parties did not argue mitigation differently by claim in closing, the jury was not bound by their arguments. *See, e.g., People v. Martinez*, 224 P.3d 1026, 1039 (Colo.App.2009) (*cert. granted* 2010 WL 341387, Feb. 1, 2010) (approving admonition to jury that arguments are not evidence). My explanation for the nominal damage awards may be unlikely. But I offer it because of an appellate court's duty to reconcile seeming inconsistencies in jury verdicts, "if at all possible." *Rose*, 10 P.3d at 683. Contrary language in *Pettingell v. Moede*, 129 Colo. 484, 496, 271 P.2d 1038, 1045 (1954), on

which the majority relies, is dictum because the case was remanded with directions to dismiss for insufficient evidence.

Accordingly, while I agree with all other aspects of the majority opinion, I would limit the retrial to the civil theft claim.