**STEWARD SOFTWARE COMPANY, LLC, Petitioner**

v.

**Richard KOPCHO, Respondent.**

**No. 10SC711.**

Supreme Court of Colorado,
En Banc.

Dec. 12, 2011.

Jeffrey M. Villanueva, P.C., Jeffrey M. Villanueva, Nicole S. Schram, Denver, Colorado, Attorneys for Petitioner.

Bell, Gould & Scott, P.C., Gregory S. Bell, Fort Collins, Colorado, Stirman Law office, LLC, Laurie R. Stirman, Fort Collins, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

In this case, we address whether a claim under Colorado law for civil theft of a copyrightable work requires a trial court to instruct the jury on principles of federal copyright law. We conclude that, because ownership of a work is distinct from owner-

ship of a copyright in that work, federal copyright law does not apply to a claim under Colorado law for civil theft of a work. Because Steward Software Company (Steward Software) claimed only that Richard Kopcho stole software and not that he stole a copyright in the software, the trial court correctly refused to instruct the jury on federal copyright law. We therefore reverse the judgment of the court of appeals.

## I. Background

Steward Software hired Kopcho, who initially acted through a number of different corporate entities and later acted only through Holonyx, Inc., to develop and market a new software program. Steward Software never entered into a written agreement governing the ownership of the software with Holonyx, Kopcho, or any of Kopcho's previous corporations. Kopcho and Steward Software did, however, exchange many emails discussing ownership of the software that Kopcho was developing.

By the time the software was ready for initial testing, the relationship between the parties had become strained. Steward Software refused to make further payments and, at Kopcho's direction, Holonyx locked Steward Software out of the software code and refused to turn the code over to Steward Software. Holonyx then filed a copyright registration for the software with the United States Copyright Office, listing as the software's author a new corporation that Kopcho controlled called Ruffdogs Software, Inc.

Steward Software brought this action against Holonyx and Kopcho (defendants) for, among other claims, breach of contract, breach of fiduciary duty, and civil theft. All of these claims arise under Colorado law. In its claim for theft, Steward Software alleged that defendants "unlawfully exercis[ed] dominion and control of the Property without authorization." The complaint defined "the Property" as "the software as well as [a website and associated domain names], the source code, the object code, all software

documentation, [certain marketing materials] for which it ha[d] paid and the associated intellectual property rights." In their answer, defendants asserted, among other affirmative defenses, that they owned the software. They also counterclaimed for breach of contract against Steward Software.

Before trial, the parties tendered proposed jury instructions to the court. One of defendants' proposed instructions stated:

Federal copyright law provides that the title to copyrightable material vests initially in the author or authors of the work.[1] Ownership of a copyright does not require registration or other action by the author to receive protection. Registration of a copyright simply creates a presumption that ownership exists with the registrant.

After briefing by the parties, the trial court determined that federal copyright law did not apply to Steward Software's civil theft claim and thus rejected the tendered instruction.

At trial, Steward Software argued to the jury that defendants had committed civil theft by locking Steward Software out of the software and refusing to turn the software over to Steward Software. On direct examination, Steward Software's attorney asked the company's owner what the company believed defendants had stolen. The owner answered that defendants had stolen the "software, video, Web site, brochure information, [and] the code behind it."

Steward Software introduced into evidence the federal copyright registration that defendants had filed, but did not argue to the jury that defendants had stolen a copyright in the software by filing the registration.

The jury returned verdicts in favor of Steward Software for civil theft, breach of contract, and breach of fiduciary duty. Kopcho alone appealed.

The court of appeals reversed the judgment for civil theft because it concluded that the trial court erred by refusing to instruct the jury on federal copyright law. It deter-

---

1. This instruction contains an incorrect statement of federal copyright law. As discussed below, ownership of a *copyright*, not ownership of copyrightable *material*, vests automatically in the author of a copyrightable work. 17 U.S.C. § 201(a) (2006). Kopcho's conflation of these two concepts is the central concern of our opinion in this case.

mined that Steward Software's claim for civil theft presented the jury with "a significant factual question as to who owned the copyrights in the software" because Steward Software contended that "Kopcho stole object code and source code, which are copyrightable." *Steward Software Co. v. Kopcho,* —— P.3d ——, —— – ——, 2010 WL 3432214 (Colo.App.2010). The court of appeals also determined that "some evidence at trial suggested that Kopcho stole certain of [Steward Software's] copyright interests." *Id.* at ——.

We granted certiorari to review whether a claim under Colorado law for civil theft of a copyrightable work requires a trial court to instruct the jury on principles of federal copyright law. We conclude that such an instruction is not appropriate and therefore reverse the judgment of the court of appeals.

## II. Standard of Review

A trial court is obligated to instruct the jury correctly on the law applicable to the case. *Krueger v. Ary,* 205 P.3d 1150, 1157 (Colo.2009); *Gordon v. Benson,* 925 P.2d 775, 777 (Colo.1996). We review de novo whether a particular instruction correctly states the law. *Day v. Johnson,* 255 P.3d 1064, 1067 (Colo.2011). We review for abuse of discretion the trial court's evidentiary finding on whether sufficient evidence exists to support the submission of an instruction. *Garhart ex rel. Tinsman v. Columbia/Healthone, L.L.C.,* 95 P.3d 571, 589 (Colo.2004).

## III. Analysis

Steward Software claimed that it owned the software code and therefore defendants committed civil theft of the code by refusing to turn over the code to Steward Software. Kopcho defended against this claim by asserting that he owned the software code.

In relation to this defense, Kopcho contends that federal copyright law exclusively governs ownership of software code because software code is copyrightable material under federal copyright law. He therefore asserts that the trial court erred by refusing to instruct the jury on principles of federal copyright law in this case.

Federal copyright law, however, does not govern ownership of the code; it only governs ownership of a *copyright* in the code. Because Steward Software argued that Kopcho committed civil theft of the code, and not civil theft of a copyright in the code, ownership of the copyright under federal law is irrelevant to Kopcho's defense. The trial court therefore correctly declined to instruct the jury on federal copyright law.

### A. Civil Theft and Ownership

The owner of property can bring a civil action for damages against a person who obtained the property by theft. § 18–4–405, C.R.S. (2011). A person commits theft when he or she "knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and ... [i]ntends to deprive the other person permanently of the use or benefit of the thing of value." § 18–4–401(1)(a), C.R.S. (2011); *Itin v. Ungar,* 17 P.3d 129, 133–34 (Colo.2000). Because a person must commit theft of the property *of another,* ownership of the property at issue is a defense to civil theft. *See* §§ 18–4–401(1)(a), –405.

### B. Civil Theft of the Software Code

Kopcho contends that federal copyright law governs ownership of copyrightable material and therefore an instruction on federal copyright law is necessary for the jury to determine ownership of the software code in this case. But federal copyright law governs only *ownership of a copyright* in software code, not *ownership of the code* itself. We therefore conclude that federal copyright law is irrelevant to a determination of ownership of the software code—the property at issue in this case.

The underlying human-readable "source code" and computer-readable "object code" of computer software are each eligible for copyright protection as a "literary work" under federal copyright law. 17 U.S.C. § 102(a) (2006); *e.g., Apple Computer, Inc. v. Franklin Computer Corp.,* 714 F.2d 1240, 1249 (3d Cir.1983). The owner of a copyright[2] in a literary work enjoys certain ex-

---

2. Ownership of a copyright in a work ordinarily vests automatically in the author of the work. 17

clusive rights, such as the right to reproduce copies of a work, prepare derivative works, distribute copies of a work, and display the work publicly. 17 U.S.C. § 106.

 Ownership of a copyright, however, "is distinct from ownership of any material object in which the work is embodied." *Id.* § 202. This rule applies to the copy in which the work is first fixed.[3] *See id.; Sundeman v. Seajay Soc'y, Inc.,* 142 F.3d 194, 197 n. 1 (4th Cir.1998) (noting the distinction between a plaintiff's claim for return of the original manuscript of a novel and a claim for copyright infringement after defendants made copies of the novel).

In this case, as the court of appeals recognized, Steward Software alleged that Kopcho stole the source code and object code that constituted the software. This claim, however, does not raise any factual question regarding the ownership of a copyright in the software code. Holonyx wrote the code and saved it in electronic memory. The code saved in electronic memory is a material embodiment of the work, in fact the original embodiment. This original embodiment was the "software" that Steward Software claimed was stolen. That is, Steward Software contended that it owned the original embodiment of the software code and that, by refusing to hand over the code, Kopcho committed civil theft. Federal copyright law does not govern ownership of an original embodiment of a work, such as the software code in this case, and it is therefore irrelevant to Kopcho's defense.

Steward Software's claim for theft of the software code is no different from a claim for theft of any other literary work. In the case of a novel, for example, a writer prepares an original manuscript of the work. If another person exercises control over that manuscript under circumstances constituting civil theft under Colorado law, he or she would be liable for theft of the manuscript no matter who owned the exclusive rights under federal copyright law to reproduce, distribute, or publicly display copies of the novel. *See, e.g., Sundeman,* 142 F.3d at 197–204 (plaintiff maintained separate actions for return of original manuscript of novel under state law and copyright infringement under federal law).

In this case, Steward Software alleged that Kopcho committed civil theft of the code, which was saved to electronic memory. Accordingly, Kopcho would be liable for civil theft under Colorado law no matter who owned the exclusive rights under federal copyright law to reproduce, distribute, or publicly display copies of the code. Copyright ownership under federal law is therefore irrelevant to Kopcho's affirmative defense against civil theft under Colorado law. The trial court is obligated to instruct the jury only on the law applicable to the case. Because federal copyright law is not applicable to this case, the trial court correctly refused Kopcho's tendered instruction on federal copyright law.

### C. Civil Theft of a Copyright in Software

Having determined that federal copyright law does not govern ownership of the software code, the only way federal copyright law could be relevant to this case is if the parties disputed ownership of a copyright in the code. Contrary to the opinion of the court of appeals, however, the record reveals that Steward Software did not argue at trial that Kopcho had stolen a copyright in the software.[4] Although the complaint included "associated intellectual property rights" in "the Property" that Steward Software claimed Kopcho had stolen, Steward Software pursued no such theory at trial. Rath-

---

U.S.C. § 201(a). In the case of a work made for hire, however, "the employer or other person for whom the work was prepared is considered the author" of the work. *Id.* § 201(b). Registration of a copyright is not a condition of copyright protection. *Id.* § 408(a). Registration constitutes prima facie evidence of copyright ownership, but this presumption may be dispelled by evidence to the contrary. *Id.* § 410(c); *see Gaste v. Kaiserman,* 863 F.2d 1061, 1065 (2d Cir.1988).

3. Software code loaded onto an electronic memory device meets the requirement of "fixation" under federal copyright law. *Apple Computer,* 714 F.2d at 1249.

4. We express no opinion on whether a person could commit civil theft of a copyright under Colorado law.

er, Steward Software's owner testified that Kopcho had stolen the "software." Also, Steward Software's attorney argued only that Kopcho had stolen the software, not a copyright in the software.

The only evidence produced by Steward Software that related to copyright was the copyright registration that Kopcho had filed. The record reveals, however, that Steward Software did not introduce the copyright registration to prove that, by filing the registration, Kopcho had stolen a copyright. To the contrary, Steward Software argued that publicly disclosing the code, as an attachment to the registration, was a violation of the non-disclosure agreement and a violation of Kopcho's fiduciary duties.

In addition, Steward Software introduced the copyright registration because Kopcho's filing of the registration tends to prove that he intended to permanently deprive Steward Software of the code. Steward Software elicited testimony from Kopcho that, by filing the registration, he claimed ownership of the software. This claim of ownership tends to prove that Kopcho intended to permanently deprive Steward Software of the code, instead of retaining it temporarily while the parties resolved their disagreement.

Moreover, experts testified at trial that software companies generally copyright software and then license it to a customer. The copyright registration therefore tends to prove that Kopcho intended to sell copies of the software to customers in the future. This evidence is relevant to prove that Kopcho did not intend to retain the software temporarily, but rather that he intended to keep the code permanently in order to resell copies of it.

Because no claim existed in this case for civil theft, under Colorado law, of a copyright in the software code, ownership of the copyright was not at issue. Because the trial court is obligated to instruct the jury only on the law applicable to the case, and ownership of a copyright under federal law was not at issue here, the trial court correctly declined to instruct the jury on federal copyright law.

## IV. Conclusion

Federal copyright law was not relevant to Steward Software's claim for civil theft of the original embodiment of the software's source code and object code. Moreover, Steward Software did not claim that Kopcho stole any copyright in the software. Federal copyright law is therefore not applicable to any claim asserted by Steward Software in this case. Because it was only obligated to instruct the jury on the law applicable to the case, the trial court properly declined to instruct the jury on principles of federal copyright law. We therefore reverse that portion of the court of appeals' judgment that required a new trial on civil theft.